**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE HUMBER, JR.,** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:15-00087** |
| | : | |
| **v.** | | |
| | : | **(MANNION, D.J.)** |
| | | **(SCHWAB, M.J.)** |
| **COMMONWEALTH OF PA,** | : | |
| | | |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is the January 14, 2015, report and recommendation of Judge Schwab, (Doc. 3), recommending that plaintiff's motion to proceed *in forma pauperis,* (Doc. 2), be granted and his *pro se* "complaint", styled as a "Notice of Appeal", (Doc. 1), be dismissed, for failure to state a claim, with leave to file an amended complaint. No objections to the report and recommendation have been filed.

For the following reasons, the court will adopt, in part, the report and recommendation. The motion to proceed *in forma pauperis* is granted and the plaintiff's "complaint" is dismissed without prejudice as outlined below.


## I.    BACKGROUND

On January 12, 2015, Plaintiff George Humber, Jr., a resident of 2619 Bare Valley Road, Montrose, Pennsylvania, filed, *pro se*, his complaint styled as a "Notice of Appeal". (Doc. 1). In his caption, plaintiff first named the

Commonwealth of Pennsylvania as the "Respondent" and then he named himself and, he lists as his case number the state court case docket numbers from both his Susquehanna County Court of Common Pleas criminal cases and from his appeals to the Pennsylvania Superior and Supreme Courts. In his so-called "Notice of Appeal", plaintiff simply states as follows:

> Notice is hereby given that George Humber Jr. Pro [Se] in the above named case hereby appeal for a hearing for the PCRA'[s] filed in the Lower Court of Susquehanna County on November 17, 2011, in the above named case hereby appeal to the United States Court of Appeals from an Order by the Supreme Court of Pennsylvania for Reconsideration entered in this action on December 11, 2014.

(Doc. 1, at 1).

Plaintiff then attaches a copy of the December 11, 2014, Per Curiam, Order issued by the Supreme Court of Pennsylvania, in Commonwealth of Pennsylvania v. George Humber, Jr., No. 465 MAL 2014, denying his Application for Reconsideration. (Doc. 1, at 2).

To date, plaintiff's complaint has not yet been served on defendant Commonwealth of Pennsylvania.

## II.   STANDARDS OF REVIEW

### A. Report and Recommendation

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

2

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### B. Screening of Complaints

The court is obliged to screen plaintiff's pleading under 28 U.S.C. §1915(e). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) ("Because [plaintiff] is proceeding *in forma pauperis*, [the court] must dismiss [his complaint as frivolous] under 28 U.S.C. §1915(e)(2)(B) if it lacks an arguable basis in fact or law.") (citing Neitzke v. Williams, 490 U.S. 319,

325, 109 S.Ct. 1827 (1989)). Once *"in forma pauperis* status is granted [] it is

necessary to determine whether dismissal of the complaint is warranted under

28 U.S.C. §1915(e)(2)(B)." Douris v. Newtown Bor., Inc., 207 Fed.Appx. 242,

244 (3d Cir. 2006) (citing Deutsch v. United States, 67 F.3d 1080, 1083 (3d

Cir. 1995)). Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal  - -
>          (I)     is frivolous or malicious;
>          (ii)    fails to state a claim on which relief may be
>                  granted; or
>          (iii)   seeks monetary relief against a defendant who
>                  is immune from such relief.

28 U.S.C. §1915(e)(2).

Section1915(e)(2) applies to all *in forma pauperis* complaints, and not

just to prisoners. *See Grayson v. Mayview State Hosp*., 293 F3d 103, 110, n.

10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000). The

court uses the same legal standard to screen a complaint under §1915(e)(2)

as it does for a Rule 12(b)(6) motion to dismiss. *See* Tourscher v.

McCullough, 184 F.3d 236, 240 (3d Cir.1999).

### C. Motion to Dismiss Standard

A motion to dismiss is brought pursuant to the provisions of

Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in

whole or in part, if the plaintiff fails to state a claim upon which relief can be

4

granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached]

5

documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.    DISCUSSION

It appears that plaintiff Humber is attempting to appeal the December 11, 2014 Order issued by the Supreme Court of Pennsylvania with respect to his underlying Susquehanna County Court of Common Pleas criminal cases,

Docket Nos. CP-58-CR-000301-2009 and CP-58-CR-0000395-2009[1] , to this federal court believing it to be "The United States Court of Appeals". Plaintiff's Susquehanna County Court Criminal Dockets reveal that on September 14, 2010, plaintiff plead guilty in case number CP-58-CR-000301-2009 to statutory sexual assault, 18 Pa.C.S. §3122.1, and on October 21, 2010, plaintiff was sentenced to confinement in the Susquehanna County Prison to a minimum of 6 months to a maximum of 23 months. Plaintiff is currently not confined in prison but is completing his 8 years probationary term.

Plaintiff was also charged with rape, 18 Pa.C.S. §3121(a)(1), and several related sexual offenses in case number CP-58-CR-000395-2009. Plaintiff plead guilty to rape and 3 related offenses on September 14, 2010. On October 21, 2010, he was sentenced 10 years probation on these counts.

On November 17, 2011, plaintiff filed, *pro se*, Pennsylvania Post Conviction Relief Act ("PCRA") petitions in both of his criminal cases raising claims against his trial counsel. On July 24, 2012, the Susquehanna County Court denied plaintiff's PCRA petitions in both of his cases and allowed plaintiff's PCRA counsel (Patrick Daly) to withdraw.

In August 2012, Plaintiff then filed, *pro se*, Notices of Appeal to the

---

[1]The court reviewed plaintiff Humber's Susquehanna County Criminal Docket for case numbers CP-58-CR-000301-2009 and CP-58-CR-000395-2009 at http://ujsportal.pacourts.us. The court takes judicial notice of plaintiff's Susquehanna County Criminal Dockets.

Pennsylvania Superior Court in both of his criminal cases, CP-58-CR-000301-2009 and CP-58-CR-000395-2009, related to the denial of his PCRA petitions, without an evidentiary hearing. On September 17, 2012, the Superior Court consolidated his appeals at Docket No. 1530 MDA 2012. Plaintiff claimed that he was not provided appropriate notice of the dismissals of his PCRA petitions. *Id*. The Commonwealth concurred that Humber was not provided appropriate notice of the dismissals of his PCRA petitions by the trial court, and agreed that Humber's cases should be remanded to the trial court and that Humber should be provided 20 days to object to the proposed dismissal of his PCRA petitions. See Com. of PA v. George Humber, Jr., 2013 WL 5507527 (Pa.Super. Appellate Brief). On June 6, 2013, the Superior Court vacated the dismissal of plaintiff's PCRA petitions and remanded the cases to the trial court. See Com. v. Humber, 82 A.3d 456 (Pa.Super. June 6, 2013) (Table) (Appeal Nos. 1529 and 1530 MDA 2012).

On June 10, 2013, plaintiff filed, *pro se*, second PCRA petitions in both of his cases, which were denied again without a hearing, after giving plaintiff notices of dismissal.

On August 13, 2013, plaintiff filed second Notices of Appeal to the Superior Court regarding the denial of his PCRA petitions and his appeals were consolidated. Plaintiff claimed that his trial counsel was ineffective in both his cases, and that his guilty pleas were coerced, were not knowing, voluntary and intelligently made. See Com. of PA v. George Humber, Jr.,

2013 WL 8637988 (Pa.Super. Appellate Brief).[2]

On March 18, 2014, the Pennsylvania Superior Court affirmed the decisions of the Susquehanna County Court in both of plaintiff's criminal cases, CP-58-CR-000301-2009 and CP-58-CR-000395-2009, denying his PCRA petitions. See Com. v. Humber, 100 A.3d 311 (Pa.Super. March 18, 2014) (Table).

On May 1, 2014, the Pennsylvania Superior Court denied plaintiff's request for reconsideration of its Order of March 18, 2014, as well as plaintiff's petition for re-argument.

On May 30, 2014, plaintiff filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court regarding the Superior Court's Order of March 18, 2014, and he filed an Amended Petition for Allowance of Appeal on June 23, 2014. On November 5, 2014, the Pennsylvania Supreme Court denied plaintiff's appeal regarding the Superior Court's Order of March 18, 2014. Plaintiff filed a request for reconsideration on November 19, 2014. On December 11, 2014, the Supreme Court issued an Order denying plaintiff's Application for Reconsideration.

It appears that, Plaintiff is attempting to appeal the denial of his November 2011 requests for an evidentiary hearing on his PCRA petitions,

---

[2]The court notes that the facts of plaintiff's criminal cases are detailed in the Commonwealth's appellate brief. Com. of PA v. George Humber, Jr., 2013 WL 8637988, *3 (Pa.Super. Appellate Brief).

under 42 Pa.C.S.A. §9541, *et seq*. Plaintiff is also attempting to appeal the denial of his appeals to the state appellate courts regarding his PCRA petitions and he seeks this court to grant him an evidentiary hearing on his petitions. Plaintiff's remedies with respect to his PCRA petitions filed with the county court and with respect to his appeals, including the December 11, 2014 Order issued by the Pennsylvania Supreme Court, do not lie with this court. Rather, plaintiff's remedy regarding any Pennsylvania Supreme Court decisions, on direct appeal at least, lie with the United States Supreme Court. "The Supreme Court may only hear cases from a state court of last resort, that is, 'the highest court of a State in which a decision could be had.'" Alarcon v. Marshall, 188 Fed.Appx. 608, 609 (9th Cir. 2006) (citing 28 U.S.C. §1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari ... ."); Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); Costarelli v. Massachusetts, 421 U.S. 193, 195, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975) (per curiam). Only collateral challenges to his state criminal convictions and sentences would appear to lie this court. They would by way of a petition for writ of habeas corpus under 28 U.S.C. §2254, *after* he has exhausted all of his state court remedies. (Emphasis

10

added). *See* Rohn v. Horton, 508 Fed.Appx. 170, 171 (3d Cir. 2013) ("The challenge to the validity of [plaintiff's] conviction can only be brought pursuant to 28 U.S.C. §2254.") (citing Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001)). Because of this, the court will dismiss plaintiff's "complaint," without prejudice, to either filing an appeal in the appropriate forum (i.e. United States Supreme Court) or filing a petition for a writ of habeas petition, if timely, in this court.[3]

Moreover, to the extent plaintiff attempted to claim in his complaint that violations of his constitutional rights occurred during his Susquehanna County Court criminal proceedings, during his guilty plea proceedings, during his sentencings, and during his appeals, such claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), until plaintiff can show that his Susquehanna County convictions and sentences have been invalidated or overturned *via* state court appeals or a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. *See Murphy v. Bloom*, 443 Fed.Appx. 668, 669 (3d Cir. 2011); Rohn v. Horton, 508 Fed.Appx. at 172 (*Heck* "noted that if a successful §1983 claim would imply the invalidity of an outstanding criminal judgment dismissal is required"). The *Heck* favorable termination rule applies to §1983 civil rights actions. *Murphy v. Bloom*, 443 Fed.Appx. at 669 n. 2. As

---

[3]The plaintiff should be aware that under the AEDPA there is a one year statute of limitations to file a habeas petition pursuant to 28 U.S.C. §2254. See 28 U.S.C. §2244(d).

plaintiff Humber's Susquehanna County Dockets reflect, plaintiff was convicted and sentenced in both of his criminal cases and his convictions and sentences have not been reversed or overturned on appeal in the state courts. "Until [Humber] can demonstrate that his 'conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus,' he has no cause of action under §1983." Rohn v. Horton, 508 Fed.Appx. at 172 (citing Heck, 512 U.S. at 489, 114 S.Ct. 2364).

In light of the foregoing, plaintiff's "complaint," (Doc. 1), will be **DISMISSED WITHOUT PREJUDICE,** as set forth above.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 5, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-00087-01.wpd

12